ATTORNEY'S NAME: Jones, Ernest L 07479
AND ADDRESS: 4211 S Claiborne Avenue, New Orleans, LA 70125

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2020-04496  DIVISION: I  SECTION: 14

**DOE, JOHN**

Versus

**ADVOCATES FOR SCIENCE AND MATHEMATICS EDUCATION, INC. D/B/A NEW ORLEANS CHARTER SCIENCE & MATHEMATICS HIGH SCHOOL ET AL**

## CITATION

TO: ADVOCATES FOR SCIENCE AND MATHEMATICS EDUCATION, INC. D/B/A NEW ORLEANS CHARTER SCIENCE & MATHEMATICS HIGH SCHOOL ET AL
THROUGH: JOSEPH L. CAVERLY

546 CARONDELET ST., NEW ORLEANS, LA 70130

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the Petition for Declaratory Judgment a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF,** I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA June 10, 2020

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Sondra Lewis, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within **Petition for Declaratory Judgment** ON **ADVOCATES FOR SCIENCE AND MATHEMATICS EDUCATION, INC. D/B/A NEW ORLEANS CHARTER SCIENCE & MATHEMATICS HIGH SCHOOL ET AL** THROUGH: **JOSEPH L. CAVERLY** Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____ PAPER    RETURN  _____/_____/ SERIAL NO.   DEPUTY   PARISH | On this _____ day of _____ served a copy of the within **Petition for Declaratory Judgment** ON **ADVOCATES FOR SCIENCE AND MATHEMATICS EDUCATION, INC. D/B/A NEW ORLEANS CHARTER SCIENCE & MATHEMATICS HIGH SCHOOL ET AL** THROUGH: **JOSEPH L. CAVERLY** by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **ADVOCATES FOR SCIENCE AND MATHEMATICS EDUCATION, INC. D/B/A NEW ORLEANS CHARTER SCIENCE & MATHEMATICS HIGH SCHOOL ET AL** being absent from the domicile at time of said service. Returned the same day _____ No. _____ Deputy Sheriff of _____ |

ID: 10468789     Page 1 of 1

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2020-04996                                                     DIVISION " "

JOHN DOE

VS.

ADVOCATES FOR SCIENCE AND MATHEMATICS EDUCATION, INC d/b/a/ NEW ORLEANS CHARTER SCIENCE & MATHEMATICS HIGH SCHOOL and MONIQUE COLA, as head of said school

FILED: _____                               _____

                                                        DEPUTY CLERK

### Petition for Declaratory Judgment and Injunctive Relief

The Petition of JOHN DOE (a fictitious name for a real individual of full age of majority whose true name is known to defendants and will be made known to this court) domiciled in the Parish of Orleans, respectfully represents:

1.

Made Defendants herein are:

1. Advocates For Science and Mathematics Education, Inc. d/b/a New Orleans Charter Science & Mathematics High School, a non-profit Louisiana Corporation (hereinafter "Sci-High")

2. Dr. Monique G. Cola, (hereinafter "Cola" an individual of full age domiciled in the Parish of Orleans, who is employed by defendant "Sci High" as Head of School (Principal) and is made defendant in her official capacity.

### FACTUAL BACKGROUND

2.

On or about September 10, 2018 plaintiff John Doe was hired by defendant Sci- High for a position that was to last until June 30, 2019 ; the employment letter outlined pay, leave and work requirements along with the fact that that his employment was "at will" meaning he could be terminated at any time with or without cause.

1

3.

On or about May 20, 2019 Plaintiff was orally advised by Sci-High employee D. Lucien in the presence of defendant Cola that an "incident" had been reported to her in which plaintiff was accused of asking student "A" if she was a virgin and later, on May 17 2019 at about 7 pm, telephoning the same student to ask who was home with her and could he come to get her.

4.

Plaintiff verbally denied the reported "incident" had occurred as orally reported to him and, when asked to provide a written statement, declined to do so until a detailed written account of the "incident" was furnished to him by defendants.

5.

On May 21, replying to a text from defendant Cola requesting that Plaintiff bring his work phone to Sci-High, Plaintiff asked for a written report; Defendant Cola told Plaintiff in a text message that defendants had only a verbal report and no written report from Student "A", but that defendants had "asked her to give us a written report", implying that defendants would furnish same to Plaintiff when they got a written statement from her; In an earlier conversation, defendant Cola told Plaintiff that he would be provided with the written statement.

6.

On May 22 Defendant Cola sent Plaintiff a letter via email notifying him that he had been placed on "administrative leave with pay" and further advised that " I will contact you when our investigation is complete so that we can schedule a time to discuss the outcome of our review and our decision in this matter".

7.

Plaintiff sought advice of counsel who sent an email to defendant Cola on May 22 complaining of the absence of Due Process and the failure to supply Plaintiff with a written complaint with details of the "incident" underlying the "administrative leave" without giving plaintiff a meaningful opportunity to be heard.

8.

On May 23 the law firm of Adams and Reese advised that it had been retained by defendant Sci-High to represent it in any dispute raised by Plaintiff; counsel for plaintiff began attempts to contact the attorney who signed the correspondence by telephone to discuss the matter but was unsuccessful until May 28.

9.

On May 24 defendant Cola advised Plaintiff in a text message "we'll keep you posted".

2

10.

On May 28 Plaintiff's counsel finally had a discussion about the situation with the attorney from Adams & Reese and again requested written details of the "incident", but was declined with the observation that an oral report had been made to Plaintiff on May 20 but Plaintiff had refused to give a written response to accompany his oral denials.

11

After discussion, Plaintiff reluctantly agreed to provide an account based on his memory of the oral description of charged conduct given by Sci-High employee Lucien on May 20 ; Plaintiff's counsel provided a written statement to Adams & Reese on May 29 with a request that it be considered by defendants.

12.

On May 31, Plaintiff sent a text to defendant Cola with a reminder concerning an event he had earlier scheduled for Sci-High students but was being forbidden to attend and direct; there was no reply or acknowledgement from defendant Cola.

13.

On June 3 Petitioner sent a text to defendant Cola in which he inquired as to the status of his situation; there was no reply or acknowledgement from defendant Cola.

14.

On June 10, defendant Cola requested plaintiff to come to her office at 9:00 a.m. the following morning.

15.

Fearing the worst because of the absence of communication, Plaintiff appeared at the office of defendant Cola on June 11 accompanied by counsel, to find defendant Cola and the Vice-Principal with two previously signed letters- the first being the "findings and conclusion" of defendants' "investigation" and the second being a letter of termination .

16.

During the brief but tense conversation which followed, the Vice Principal remained silent while defendant Cola responded to inquiry on why a written complaint had never been provided so that Plaintiff could be certain of the details of the charges and offer any possible defenses, with an assertion that she had been advised by her counsel that she was not required to give Plaintiff the accuser's statement.

17.

During the same conversation, when defendant Cola orally revealed the exact time of the alleged telephone call to the student on his work phone on May 17, Plaintiff showed her screen

3

shots of his personal cell phone showing that at the time she just referred to, he had been on his personal phone in a different conversation, immediately followed by a second call with a different party; defendant Cola was unmoved by this new information and advised that she would stand by her decision.

18.

Plaintiff declined to take the "findings and conclusion" letter or sign for the termination letter but took pictures of both; the letters were never mailed to him.

19.

The "findings and conclusion" letter sustained the charge and concluded that Plaintiff was guilty of "sexual harassment" and stated that defendants had "taken steps to restore the safety of our educational environment..." ; in the termination letter the basis was "harassment" in violation of school policy, and the need to maintain the safety of the Sci-High students.

.

20.

Defendant Cola stated that the student needed to get a copy of the "findings and conclusion" letter so that she would know the result of defendants' investigation.

21.

Plaintiff's counsel requested that the two pre-prepared letters not be disseminated, but instead be revised to clarify the vague term "sexual harassment" which connotes physical or even criminal conduct.

22.

On June 12, plaintiff's counsel wrote to Adams & Reese making the same requests and pointing out the procedural deficiencies described below; counsel also requested copies of all statements that defendants possessed on the underlying incidents; counsel's letter was ignored.

23

After the events above, Plaintiff learned, and alleges on information and belief, that Student "A" gave a version of the "incident" events to Student "B" who then gave a hearsay version to Sci High employee Lucien who then made the complaint to defendants.

## LEGAL AND PROCEDURAL VIOLATIONS

24.

Despite the status of defendant Sci-High as a private, non-profit corporation , it is a Local Education Authority of the State of Louisiana exercising governmental functions; it is bound by

4

the Constitution of the State of Louisiana to provide Due Process in its deprivation of the good name and reputation of even an "at-will employee".

25.

The fundamental requirements of Due Process are notice and a meaningful opportunity to be heard; despite repeated oral and written requests, Plaintiff was never provided with any written charges or specifications, shown the evidence relied upon to sustain the charge or given a meaningful opportunity to defend himself.

26.

"Sexual Harassment " is a heinous charge in our present society; without more, the term implies misconduct which is both punishable under law and morally repugnant. a record of termination from an educational institution for sexual harassment stigmatizes Plaintiff's reputation and standing in this community, and seriously impairs his opportunity to earn a living through comparable employment.

27.

Even if Plaintiff had engaged in the conduct of which he was orally accused on May 20 (which is vehemently denied), such conduct-while wholly inappropriate for a person in his position- would not meet the definitions of "sexual harassment" in the Sci High handbook or other widely accepted legal definitions; it has never even been _alleged_ that Plaintiff attempted to or made any physical contact, or that he explicitly made any sexual reference or request.

28.

Plaintiff is aware that defendants have disseminated their flawed conclusion to Student "A" and those in privity with her; Plaintiff is also aware that the end of his association with Sci-High has been announced by defendants; Plaintiff fears that as the upcoming school year begins and educational institutions and administrators move, shift, and adapt to conditions resulting from the covid-19 pandemic, defendants will more widely publish their unfair conclusion and seek to justify their total failure to receive Plaintiff's evidence of innocence by besmirching his character.

29.

There is a clear and present danger that plaintiff will suffer irreparable injury to his reputation and to his ability to gain new employment in competition with thousands of employees displaced by the national pandemic closures.

30.

In order to protect Plaintiff's rights and interests in the premises it is necessary that this court permanently restrain and enjoin the defendants, their agents, employees and all other persons, firms, or corporations acting or claiming to act on their behalf from recording, distributing, or referring to the two letters mentioned hereinabove in paragraphs 15-18, or otherwise publish or disseminate any finding or claim that Plaintiff has been found guilty of "sexual harassment".

31.

During the pendency of this action Plaintiff fears that defendants will continue to publish their unjust conclusion to explain Plaintiff's departure to students, staff, other educational institutions, and non-affiliated persons in this community therefore it is necessary that this Court issue a preliminary writ of injunction in the form and substance of the permanent injunction mentioned above in order to preserve the ultimate rights of the parties.

32.

Disclosing Plaintiff's identity in this cause by pleadings or in exhibits will cause the very damage that this action seeks to prevent; Plaintiff needs the assistance of this court to prevent such disclosure.

WHEREFORE petitioner prays:

1) That this court immediately issue a protective order to prevent disclosure of Plaintiffs identity.
2) Defendants be duly ordered to show cause on a day and hour to be fixed by this Court why a preliminary injunction should not issue herein forbidding defendants from publishing or in any way disseminating any finding or claim that Plaintiff has been found guilty of "sexual harassment" and
3) That after citation and service and due proceedings had, there be judgment herein in favor of Plaintiff and against defendants Advocates For Science and Mathematics Education, Inc. d/b/a New Orleans Charter Science & Mathematics High School and Dr. Monique G. Cola, declaring and decreeing and declaring that the actions of defendants described in this complaint violated Plaintiff's rights to fundamental Due Process and their findings that Plaintiff was guilty of sexual harassment for his actions on May 14 and/or May 17, 2019 were void and
4) Order such other relief as the Court may deem just and proper;

Petitioner further prays for all equitable relief and for all costs of these proceedings.

RESPECTFULLY SUBMITTED,

_/s/ Ernest L. Jones_
Ernest L. Jones (LSBA # 07479)
4211 S. Claiborne Ave.
New Orleans, LA 70125
Phone: 504-251.1005
Fax: 504.246-8158
ejlaw@bellsouth.net

_/s/ M. Bagnaris_
Michael G. Bagnaris (LSBA # 7658)
935, Gravier St., suite 2110
New Orleans, LA 70112
Phone:504-439-7990
Fax: 504-582-6985
bagneris@bpajustice.com

Counsel for "John Doe"

**A TRUE COPY**

_Sandra Rios_
DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

## ORDER

CONSIDERING THE FOREGOING, IT IS ORDERED BY THE COURT

1. That Advocates For Science and Mathematics Education, Inc. d/b/a New Orleans Charter Science & Mathematics High School and Monique Cola and their attorneys are not to reveal the identity of plaintiff in any response, pleading, affidavit or exhibit or otherwise during the course of this proceeding.
2. That the defendants named above show cause before this court on _____,2020 at the hour of _____o'clock ___. M. why a preliminary injunction should not issue herein forbidding defendants from publishing or in any way disseminating any finding or claim that Plaintiff has been found guilty of "sexual harassment"

New Orleans, LA This _____day of June , 2020

_____
District Judge

PLEASE SERVE

    Defendant Advocates For Science and Mathematics Education, Inc. d/b/a New Orleans Charter Science & Mathematics High School , a non-profit Louisiana Corporation
        Through Agent for service
    Joseph L. Caverly
    546 Carondelet St.
    New Orleans, LA 70130

    Defendant Monique G. Cola
    At P.O.E: New Orleans Charter Science & Mathematics High School
    5625 Loyola Ave.
    New Orleans, Ls 70115