UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE<br>Plaintiff<br><br>VERSUS<br>ADVOCATES FOR SCIENCE AND<br>MATHEMATICS EDUCATION, INC<br>d/b/a NEW ORLEANS CHARTER SCIENCE<br>AND MATHEMATICS HIGH SCHOOL and<br>MONIQUE COLA, as head of said school,<br>Defendants | CIVIL ACTON<br><br>NO. 20-cv-01893<br>SECTION "I" (3)<br>JUDGE LANCE M. AFRICK<br><br>MAGISTRATE JUDGE<br>DANA DOUGLAS |

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND
PURSUANT TO 28 USC§ 1448

**MAY IT PLEASE THE COURT**:

Plaintiff, John Doe, by and through his counsel undersigned, submits the following reasons in support of his Motion for Remand to the Civil District Court for the Parish of Orleans from whence it was removed by the Notice of Removal filed improvidently by defendants herein.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about September 10, 2018 plaintiff John Doe was hired by defendant Advocates for Science and Mathematics Education, Inc. d/b/a New Orleans Charter Science & Mathematics High School, a non-profit Louisiana Corporation operating a public charter school. (hereinafter "Sci High) for a position that was to last until June 30, 2019.

1

On or about May 20, 2019 Plaintiff was orally advised by a co-employee in the presence of defendant Cola, that an "incident" had been reported to her in which plaintiff was accused of asking a student if she was a virgin and, on a later date of May 17, 2019 at about 7 pm, telephoning the same student to ask who was home with her and could he come to get her. (CDC-petition, ¶3}

Plaintiff verbally denied the reported "incident" had occurred as orally reported to him and, when asked to provide a written statement, declined to do so until a detailed written account of the "incident" was furnished to him by defendants. (CDC petition, ¶4)

The next day Plaintiff again asked for a written report of the charges, but none was given to him. (CDC- petition, ¶. 5). Plaintiff sought advice of counsel who sent an email to defendant Cola on May 22 complaining of the absence of Due Process and the failure to supply Plaintiff with a written complaint with details of the "incident" underlying the "administrative leave", imposed on plaintiff the previous day, without giving plaintiff a meaningful opportunity to be heard. (CDC petition, ¶7)

On May 28 Plaintiff's counsel finally had a discussion about the situation with the defendant's attorney and again requested written details of the "incident", but was declined with the observation that an oral report had been made to Plaintiff on May 20 but Plaintiff had refused to give a written response to accompany his oral denials. After discussion with counsel, Plaintiff reluctantly agreed to provide an account based on his memory of the oral description of charged conduct given by Sci-High employee on May 20; Plaintiff's counsel provided a written statement to defendant's attorney on May 29 with a request that it be considered by defendants. (CDC petition ¶¶ 10,11)

Plaintiff appeared at the office of defendant Cola on June 11, at her request, to find defendant Cola, the Principal, and the Vice-Principal with two letters already signed, the first being the "findings and conclusion" of defendants' "investigation" and the second being a letter of termination .During the conversation, when defendant Cola orally revealed the exact time of the alleged telephone call to the student on his work phone on May 17, Plaintiff showed her screen shots of his personal cell phone showing that at the time she just referred to, he had been on his personal phone in a different conversation, immediately followed by a second call with a different party; defendant Cola was unmoved by this new information and advised that she would stand by her decision.(CDC petition, ¶¶ 14-17).

The "findings and conclusion" letter sustained the charge and concluded that Plaintiff was guilty of "sexual harassment" and stated that defendants had "taken steps to restore the safety of our educational environment…"; in the termination letter the basis was "harassment" in violation of school policy, and the need to maintain the safety of the Sci- High students. (CDC petition ¶ 19)

On July 20, plaintiff filed a petition for "Declaratory Judgment and Injunctive Relief," naming Sci-High and Monique Cola, its Principal, as defendants, seeking a decree declaring that the actions of defendants violated Plaintiff's rights to fundamental Due Process and declaring their findings that Plaintiff was guilty of sexual harassment for his actions on May 14 and/or May 17 were, therefore, void.

On August 2, 2019, on the Friday before a scheduled injunction hearing in state court, defendants filed in this court a "Notice of Removal, claiming "Federal Question" jurisdiction because plaintiff's complaint stated that both "…the Constitutions of the United States and the State of

Louisiana" required that the defendants provide fundamental "Due Process". That case was given the number "2-19-cv12003 (Doe v. Cola, et. al).

Plaintiff filed a "Motion for Remand to State Court" on August 31, 2019, which defendants opposed, Prior to the scheduled submission, on September 24,2019, Plaintiff filed a "Notice of Voluntary Dismissal without prejudice as to all defendants". (Doe v. Cola, et al, Document 15). On June 5, 2020. Plaintiff filed a new petition in the Civil District Court for the parish or Orleans styled "John Doe vs Advocates for Science and Mathematics Education, Inc. d/b/a New Orleans Charter Science and Mathematics High School and Monique Cola, as head of said school" That case was given No. 2020-04496 and assigned to section "I". That petition omitted the reference to the Federal Constitution, basing plaintiff's claim solely on Louisiana law. The defendants then filed this removal on July 2, 2020, again claiming "Federal Question" as the basis for jurisdiction.

## GROUNDS FOR MOTION

1. FEDERAL QUESTION JURISDICTION IS REQUIRED

Here, where there is no diversity of citizenship, Federal Question jurisdiction is required. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed 2d 318 (1987). "The question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112-13, 81 L. Ed. 70, 57 S. Ct. 96 (1936). The plaintiff, is "master of the complaint," to "choose to have the cause heard in state court" by eschewing claims based on federal law. *Calif. ex rel. Lockyer v. Dynegy, Inc.,* 375 F.3d 831, 839 (9th Cir. 2004), *Medina v. Ramsey Steel Co., Inc*., 238 F.3d 674, (5th Cir. 2001) . The "well-pleaded complaint rule "requires that federal question jurisdiction not exist unless a federal question appears on the face of a plaintiff's properly pleaded complaint."

*Columbia Gas Transmission Corp. V. Drain*, 237 F.3d 366, 369-70 (4th Cir. 2001), citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (1986). The Complaint in Civil District Court No. 2020-04496 "I", the state court case removed to this Court, asserts no federal claims.

2. THE BURDEN OF ESTABLISHING REMOVAL JURISDICTION IS ON THE REMOVING PARTY.

It is well established under the case law that the burden of establishing federal question jurisdiction lies with the removing party to show that the removal requirements have been met, and the removal statute must be strictly construed against removal. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 Sc.D. 35, 66 L.Ed.144 (1921). If there are doubts as to the court's jurisdiction, remand of the case is required pursuant to 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal, because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002). Strict construction is appropriate because removal implicates "significant federalism concerns." *Dixon v. Coburg Dairy, Inc.*,369 F.3d 811, 816 (4th Cir. 2004) (ordering case remanded).

3. FEDERAL JURISDICTION DOES NOT EXIST

A. Plaintiff's claim is based on State law:

Article 1 § 2 of the Louisiana Constitution provides:

"Due Process of Law: No person shall be deprived of life, liberty, or property, except by due process of law."

This is the sole basis of plaintiff's claim as set forth in his complaint in State Court. In his new complaint, plaintiff relies only on the Louisiana Constitution. (CDC 20-04496 ¶24) and does not create Federal Question jurisdiction.

The Louisiana Supreme Court has ruled that charter schools like Sci-High are public schools. *Iberville Parish School Board v. Louisiana State Board of Elementary and Secondary Education* 248 So 3d 299 (2018). Thus, in order for plaintiff to prevail he must only establish that he had a liberty or property interest which was deprived by a public body under Louisiana law.

In the instant case, any disputed issues are of State law and should be resolved in the State Court. In order to create Federal Jurisdiction there must be a real and substantial federal issue raised by the plaintiff's complaint which is essential to the success of his claim. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 817, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). If a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist. *Mulcahey v. Columbia Organic Chem. Co*., 29 F.3d 148,153 (4th Cir.1994)


4. DEFENDANTS' REFERENCE TO "TITLE IX" DOES NOT CREATE FEDERAL JURISDICTION.

Plaintiff's complaint does not even mention Title IX, and certainly does not rely on it as the basis of his claim. "A cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the constitution or laws of the United States." *State of Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 460, 14 S. Ct. 654,

656, 38 L. Ed. 511 (1894) (quoting *Little York Gold Washing & Water Co. v. Keyes,* 96 U.S. 199, 203, 24 L. Ed. 656 (1877). The federal question must be "basic" and "necessary" as opposed to "collateral" and "merely possible?" *Gully v. First Nat'l Bank*, *supra*. The federal question must be "direct and essential" as opposed to "attenuated" *Smith v. Grimm*, 534 F.2d 1346 at 1346, 1350-51 (9th Cir. 1976). It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

5. COSTS, INCLUDING ATTORNEY'S FEES, SHOULD BE AWARDED.

An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447  The defendants' removal is completely baseless and subjected plaintiff to needless attorney fees.

CONCLUSION

The implications of the well-established, "well-pleaded complaint rule" are crystal clear: there is no federal question jurisdiction supporting removal. The Motion to Remand is due to be granted.

Respectfully Submitted,

 /s/ Ernest L. Jones
ERNEST L. JONES (LSBA#7479)
Elie, Jones & Associates
4239 S. Claiborne Ave.
New Orleans, LA 70125
Telephone (504) 251-1005
Fax: (504) 246-8158
Email:ejlaw@bellsouth.net

/s/Michael Bagnaris
Michael G. Bagnaris (LSBA # 7658)
935, Gravier St., suite 1702
New Orleans, LA 70112
Phone:504-582-6998
Fax: 504-582-6985
Email: bagneris@bpajustice.com

Counsel for "John Doe"

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing" was electronically filed with the Clerk of this Court using the CM/ECF system which sent a notice of electronic filing to counsel as indicated by the Court.
New Orleans, LA this 5th day of August, 2020.

 /s/ Ernest L. Jones

ERNEST L. JONES