### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**JOHN DOE**                                                **CIVIL ACTION**


**VERSUS**                                                  **NO. 20-1893**


**ADVOCATES FOR SCIENCE AND**                              **SECTION: "G"(5)**
**MATHEMATICS, INC. d/b/a NEW ORLEANS**
**CHARTER SCIENCE & MATHEMATICS**
**HIGH SCHOOL et al.**


### ORDER AND REASONS

Before the Court is Plaintiff John Doe's ("Plaintiff") "Motion to Remand."[1] Defendants Advocates for Science and Mathematics, Inc. d/b/a New Orleans Charter Science & Mathematics High School ("Sci-High") and Monique Cola, as the head of Sci-High (collectively, "Defendants") oppose the motion.[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion to remand.

### I. Background

This case arises out of an employment termination dispute between Plaintiff and Defendants.[3] Plaintiff alleges that he was hired by Sci-High, a non-profit organization operating a public charter school, as an "at will" employee for a position intended to last until June 30, 2019.[4] Plaintiff further alleges that on May 20, 2019, he was advised by a Sci-High employee

---

[1] Rec. Doc. 6.

[2] Rec. Doc. 11.

[3] *See* Rec. Doc. 1-1.

[4] *Id.* at 2.

1

that a student had reported an "incident" involving allegations of sexual harassment by Plaintiff.[5] Plaintiff claims that he requested written details of the "incident" but was advised by Defendants that no written complaint was available.[6] Plaintiff asserts that he received a letter of termination of his employment at Sci-High, along with a letter reporting that he had been found guilty of sexual harassment, on June 11, 2019.[7]

On July 29, 2019, Plaintiff filed a lawsuit against Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana.[8] In the petition, Plaintiff asserted that "Sci-High . . . is bound by the Constitutions of the United States and the State of Louisiana to provide Due Process . . . ."[9] On August 2, 2019, Defendants removed the action to the United States District Court for the Eastern District of Louisiana, asserting federal question subject matter jurisdiction pursuant to Title 28, United States Code, Section 1331.[10] Specifically, Defendants stated that Plaintiff alleged constitutional due process violations and "potentially implicate[d] Title IX of the Education Amendments of 1972 20 U.S.C. § 1681" in the petition.[11] Upon removal, the action was randomly allotted to Chief Judge Nannette Jolivette Brown, Section "G" of this Court, as Case No. 19-CV-12003.[12] On September 24, 2019, Plaintiff filed a notice of voluntary dismissal

___

[5] *Id.*at 3.

[6] *Id.* at 3–4.

[7] *Id.* at 4–5 .

[8] Case No. 19-CV-12003, Rec. Doc. 1-1.

[9] *Id.* at 4–5.

[10] Case No. 19-CV-12003, Rec. Doc. 1 at 3.

[11] *Id.*

[12] Case No. 19-CV-12003, Rec. Doc. 2.

as to all Defendants, and this Court dismissed the action.[13]

On June 5, 2020, Plaintiff filed a second petition in the Civil District Court for the Parish of Orleans, State of Louisiana.[14] In the second petition, Plaintiff asserts that "Sci-High . . . is bound by the Constitution of the State of Louisiana to provide Due Process . . . ."[15] Plaintiff seeks injunctive and declaratory relief.[16]

On July 2, 2020, Defendants removed the instant action to the United States District Court for the Eastern District of Louisiana, asserting federal question subject matter jurisdiction pursuant to Title 28, United States Code, Section 1331.[17] Once again, Defendants state that Plaintiff alleges constitutional due process violations and "potentially implicates Title IX of the Education Amendments of 1972 20 U.S.C. § 1681" in the petition.[18]  Upon removal, the instant action was randomly allotted to United States District Judge Lance M. Africk, Section "I" of this Court.[19]

On August 9, 2020, Plaintiff filed the instant motion to remand this action to the Civil District Court for the Parish of Orleans, State of Louisiana.[20] Defendants filed an opposition to the motion to remand on September 2, 2020.[21] On September 10, 2020, Plaintiff filed a reply in

---

[13] Case No. 19-CV-12003, Rec. Doc. 15.

[14] Rec. Doc. 1-1.

[15] *Id.* at 5–6.

[16] *Id.* at 7.

[17] Rec. Doc. 1 at 3.

[18] *Id.*

[19] Rec. Doc. 2.

[20] Rec. Doc. 6.

[21] Rec. Doc. 11.

response to the opposition filed by Defendants.[22] On October 28, 2020, this case was transferred to Chief Judge Nannette Jolivette Brown, Section "G" of this Court.[23]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of the Motion to Remand*

In the motion to remand, Plaintiff argues that federal question jurisdiction under 28 U.S.C. § 1331 does not exist in this case.[24] Specifically, Plaintiff asserts that unlike the first petition in Case No. 19-CV-12003, the petition in the instant action references only the Louisiana state constitution and makes no mention of federal law.[25] In addition, Plaintiff contends that the petition does not reference Title IX, a federal statute, or rely on Title IX as the basis of the claim.[26] Plaintiff argues that Defendants' reference to Title IX in the notice of removal "does not create federal jurisdiction."[27]

### B.    *Defendants' Arguments in Opposition to the Motion to Remand*

In opposition, Defendants argue that federal jurisdiction is proper under 28 U.S.C. § 1331.[28] Defendants contend that Plaintiff's allegation that Sci-High violated his due process rights in its investigation of sexual harassment claims by a student "necessarily implicates Title IX" of the Education Amendments of 1972, 20 U.S.C. § 1681.[29] Specifically, Defendants assert

---

[22] Rec. Doc. 13.

[23] Rec. Doc. 15.

[24] Rec. Doc. 6-1 at 5–6.

[25] *Id.* at 6.

[26] *Id.*

[27] *Id.* at 6–7.

[28] Rec. Doc. 11 at 4.

[29] *Id.* at 5–6.

4

that guidance from the United States Department of Education Office for Civil Rights ("OCR") provides that educational institutions receiving federal funding, such as Sci-High, are bound by Title IX regulations and failure to abide by Title IX requirements is actionable "both in court (through injunctive relief and/or monetary damages) and through an OCR investigation, which could result in a number of sanctions."[30] Defendants then argue that, "[a]s Defendants were legally obligated to abide by Title IX in investigating this sexual harassment claim, Plaintiff's allegations in his well-pleaded complaint that the investigation was insufficient and violated his due process rights clearly raise an issue that is necessarily one of federal law, i.e. the violation of Title IX."[31] For this reason, Defendants contend that removal was proper.[32]

C.    *Plaintiff's Arguments in Further Support of Remand*

In reply, Plaintiff asserts that "federal jurisdiction is not created by implication."[33] Plaintiff also argues that the allegations in this case are grounded in state law, not "[t]he letter of Title IX."[34] Plaintiff thus concludes that remand is warranted.[35]

### III. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree."[36] Pursuant to the removal statute, a defendant may remove a state civil court action to federal district court if

---

[30] *Id.* at 7.

[31] *Id.* at 9.

[32] *Id.* at 11.

[33] Rec. Doc. 13 at 2 (internal quotations omitted).

[34] *Id.*

[35] *Id.* at 3.

[36] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

the federal court has original jurisdiction over the action.[37] Title 28, United States Code, Section 1331 provides that federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Whether a claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule, which also determines original federal question jurisdiction.[38] Federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[39] Removal is not appropriate unless the plaintiff's "well-pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.[40] In addition, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[41]

The removing party bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence.[42] Moreover, the removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[43]

---

[37] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[38] *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

[39] *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

[40] *Id.*

[41] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

[42] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[43] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted); s*ee also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## IV. Analysis

In this case, there is no diversity of citizenship.[44] Accordingly, federal question jurisdiction pursuant to 28 U.S.C. § 1332 is required for removal to be proper.[45] Plaintiff argues that removal was improper because Plaintiff's claim arises under state law and does not confer federal subject matter jurisdiction.[46] In opposition, Defendants contend that federal subject matter jurisdiction exists in this case because Plaintiff's claim "necessarily implicates" Title IX of the Education Amendments of 1972, a federal statute.[47]

The Court finds that Plaintiff's "well-pleaded complaint" does not raise issues of federal law sufficient to support federal question jurisdiction and therefore remands the instant action to state court. Defendants' argument that the petition "necessarily implicates" Title IX mischaracterizes Plaintiff's claim in this matter. Plaintiff does not invoke Title IX or any other federal cause of action in the petition; rather, Plaintiff alleges that Defendants violated the Due Process Clause of the Louisiana state constitution by failing to provide Plaintiff with adequate notice and a "meaningful opportunity to be heard" during the course of the investigation into allegations of sexual harassment.[48]

Specifically, Plaintiff does not allege that Defendants discriminated against Plaintiff in violation of Title IX.[49] Nor does Plaintiff allege that Defendants' investigation into the sexual

---

[44] Rec. Doc. 6-1 at 4.

[45] 28 U.S.C. § 1441.

[46] Rec. Doc. 6-1 at 5–6.

[47] Rec. Doc. 11 at 6.

[48] Rec. Doc. 1-1 at 5–6.

[49] *See id; see also Winter v. Pennsylvania State Univ.*, 172 F. Supp. 3d 756, 761 (M.D. Pa. 2016) (plaintiff's complaint asserted separate claims for violations of due process and sex discrimination under Title IX).

harassment allegations violated Title IX.[50] Moreover, Plaintiff's claim that the investigation leading to his termination as an employee violated due process under Louisiana law does not "necessarily raise" a Title IX issue.[51] Rather, to allege a due process violation under Louisiana law, Plaintiff must show the existence of some property or liberty interest which has been adversely affected by state action.[52] Contrary to Defendants' argument, this inquiry does not "necessarily implicate" Title IX, even if Sci-High is separately obliged to abide by the requirements of Title IX.[53] As a result, Defendants' attempts to read a Title IX claim into the petition filed by Plaintiff are unavailing.

## V. Conclusion

Considering the foregoing reasons, the Court finds that it does not have subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff John Doe's "Motion to Remand" is **GRANTED**. The above-captioned matter is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this <u>27th</u> day of January, 2021.

*[signature: Nannette Jolivette Brown]*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[50] *See* Rec. Doc. 1-1; Rec. Doc. 13 at 2.

[51] *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005).

[52] *Johnson v. Southern University and A & M College,* 00–2615, p. 6 (La. App. 1 Cir.12/28/01), 803 So. 2d 1140, 1144–45.

[53] *See* Rec. Doc. 11 at 7.